# EXHIBIT A

EIGHTH JUDICIAL DISTRICT COURT
COUNTY OF TAOS
STATE OF NEW MEXICO

FILED
8TH JUDICIAL DISTRICT COURT
TAOS COUNTY NM
FILED IN MY OFFICE
6/27/2023 11:08 AM
LAUREN M. FELTS-SALAZAR
DISTRICT COURT CLERK
BLK

Case No.
D- 820- CV- 2023 - 00218
JUDGE CHAVEZ

JOHN DOE,

     Plaintiff,

vs.

QUESTA INDEPENDENT SCHOOL DISTRICT,
LORI PASSINO, JOHN ROE 1, and JOHN ROE 2,

     Defendants.

**JURY DEMANDED**

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, NEGLIGENCE AND OTHER TORTIOUS CONDUCT

Plaintiff John Doe, by and through his attorney, Paul Linnenburger of Lane + Linnenburger

+ Lane LLP, and brings the following causes of action pursuant to U.S. Const. amend. XIV; 42

U.S.C. § 1983; NMSA 1978, § 41-4-1, *et. seq.*; and the common law:

### INTRODUCTION

High School is a time when children learn the lessons that will last them a lifetime, it is

when they truly begin to appreciate how the world works and how persons interact with each other

in society. In this regard it is also a time of tremendous vulnerability.

This is a case of abuse and exploitation of that vulnerability by an educator that saw a

growing boy not as he was, immature and in need of guidance and support, but as an opportunity

to fulfil her own sexual perversions. Plaintiff sought to learn about himself through engagement in

school sports and activities in high school. At the same time, Lori Passino sought to teach him

darker lessons of adulthood, lessons of sex and betrayal that altered his path and distorted his

growth and education. Passino used her position as the cheerleading coach and chaperone to seduce this high school star athlete and embed within him deep shame and self-blame. This suit is Plaintiff's effort to regain his path and the character of his youth.

PARTIES

1.      Plaintiff is a resident of Colorado and former resident of Taos County, New Mexico.

2.      Defendant Questa Independent School District (hereinafter "QIS") is a public school district within Taos County, New Mexico. It is a subdivision of the State of New Mexico and a "person" under 42 U.S.C. § 1983 and a governmental entity and local public body as those terms are defined in the New Mexico Tort Claims Act, NMSA 1978, § 41-4-3(B) and (C). Under NMSA 1978, § 22-5-4(E), Defendant QIS has the capacity to sue or be sued. Defendant QIS is responsible for the administration of public schools within its geographic boundaries. Upon information and belief, at all times material hereto, Defendant QIS received federal funding and financial assistance and employed Defendant Lori Passino as an educator and coach or other sponsor of cheerleading as well as an agent chaperone during QIS-sponsored events. Under the Tort Claims Act, Defendant QIS is liable for the acts and omissions of its employees, including Defendant Passino. At all times material hereto, Defendant QIS was responsible for adopting and implementing the policies, customs and practices of its employees and agents, including Defendant Passino.

3.      Upon information and belief, Defendant Lori Passino is a resident of Taos County, New Mexico. At all times material hereto, Defendant Passino was employed as a teacher and coach or sponsor for cheerleading by Defendant QIS and was a public employee as that term is defined in the New Mexico Tort Claims Act, NMSA 1978, § 41-4-3(F). At all times material hereto,

2

Defendant Passino acted in the course and scope of her duties as a QIS employee and under the color of state or local law. She is sued in her individual capacity for purposes of Plaintiff's claims brought under 42 U.S.C. § 1983.

4.    Defendants John Roes 1 and 2 were directors and/or coaches within student athletics for the Questa Junior/Senior High School and were employees and agents of Defendant QIS and public employees pursuant to NMSA 1978, § 41-4-3, with managerial and supervisory responsibility over Defendant Passino and/or with responsibility for the safety of Plaintiff in connection with school-sponsored athletic activities during the relevant time period discussed below. Defendants Roe 1 and 2 acted in the course and scope of their duties as employees of Defendant QIS and under color of state or local law. They are sued in their individual capacity for purposes of Plaintiffs' claims under 42 U.S.C. § 1983.

JURISDICTION AND VENUE

5.    This Court has jurisdiction over the subject matter and parties to this action pursuant to the Court's general jurisdiction, N.M. Const. art. VI, § 13, and 42 U.S.C. §1983,

6.    Venue is proper as all events giving rise to the claims presented herein occurred in Taos County and both Defendants are residents thereof.

FACTUAL ALLEGATIONS

7.    The preceding paragraphs are incorporated as if fully stated herein.

8.    Defendant QIS is, and at all times material hereto was, responsible for oversight and management of the operations of the public schools within the Questa Independent School District, including Questa Junior/Senior High School, and school-sponsored activities, such as sporting events.

3

9.      The schools within the Questa Independent School District are small. The high school grades (grades 9 through 12) combined regularly have significantly fewer than 100 students total. High school sports sponsored by Defendant QIS are typically within the divisions for the smallest schools within the New Mexico Activities Association, the body that oversees high school sports in New Mexico.

10.     Educators, coaches, chaperones and volunteers within the Questa Independent School District are subject to the authority, supervision, management and direction of Defendant QIS. This includes Defendants Passino and Roe 1 and 2.

11.     Upon information and belief, Defendant QIS and its agents have authority to oversee and institute disciplinary action, administrative action, and/or otherwise control and prevent misconduct by educators, coaches, chaperones and volunteers in relation to their duties and responsibilities within Defendant QIS.

12.     At all times material hereto, Defendant Passino was an agent of Defendant QIS.

13.     At all times material hereto, Defendant Roe 1 was an agent of Defendant QIS.

14.     At all times material hereto, Defendant Roe 2 was an agent of Defendant QIS.

15.     Upon information and belief, said authorized personnel included Defendants Roe 1 and 2.

16.     Before the 1997/1998 school year and during and after the same, Defendant Passino was employed by Defendant QIS as an educator in elementary education and continued to so be employed throughout all times material hereto.

17.     Before the 1997/1998 school year and during and after the same, Defendants Roe 1 and 2 were employed by Defendant QIS as educators and athletic coaches/sponsors and continued to so be employed throughout all times material hereto.

4

18.   During the 1997/1998 school year and subsequent school years, Defendant Passino acted as a cheerleading coach or sponsor for the Questa Junior/Senior High cheerleading squad, and, by virtue thereof, as a chaperone of students and student-athletes during QIS-sponsored sporting events.

19.   In said position, Defendant Passino acted under the authority and direction of Defendant QIS, through its Superintendent and their representatives pursuant to contracts entered into between Defendant Passino and Defendant QIS.

20.   At all times material hereto, Defendant Passino's contract of employment with Defendant QIS required her to "present himself or herself for duty at such times and places as designated by the Superintendent or his (her) authorized personnel."

21.   Plaintiff was born in 1980 and attended public schools within the Questa Independent School District.

22.   As a student at Questa Junior/Senior High, Plaintiff was a member of the Defendant QIS-sponsored sports teams, including the high school football and basketball teams, and participated as such during the 1997-1998 school year and seasons.

23.   During the 1997/1998 school year, Defendant Passino was a coach/sponsor for the Defendant QIS sponsored cheerleading squad that attended Questa Junior/Senior High sporting events and games, including football, baseball and basketball. The cheerleading squad provided cheerleading support during these for the same and Defendant Passino acted as a coach, sponsor and chaperone for students and athletes engaging in the QIS-sponsored activities in relation thereto.

24.   The cheerleading squad and Defendant Passino similarly attended other QIS sporting events in their official capacity, including basketball, soccer and baseball competitions.

5

25.     Defendant Passino and the cheerleading squad, through their QIS sponsored-activities and position, traveled with the QIS-sponsored sporting teams to games played at other locations. This travel often occurred through busing provided and sponsored by Defendant QIS.

26.     During such travel, Defendant Passino acted as a chaperone of cheerleaders and student athletes as a QIS representative with responsibility to provide for safe travel to the minor cheerleaders and student athletes.

27.     On such trips and travel, Defendant Passino was acting as an agent, representative and employee of Defendant QIS with supervision responsibilities over the minor students participating in the QIS-sponsored activities and traveling on QIS-sponsored transportation.

28.     On such trips and travel, Defendant Passino was observed and under the supervision of Defendants Roe 1 and/or 2.

29.     While acting as a cheerleading coach/sponsor for Defendant QIS during the fall of 1997, Defendant Passino began to groom the minor Plaintiff, including providing him with unusual attention and outward flirting on QIS-sponsored buses related to QIS-sponsored sporting events.

30.     These behaviors of Defendant Passino were open and notorious and were, or should have been observed by Defendant Does 1 and 2, in particular given the limited number of student athletes and others present during such events.

31.     In 1997, Plaintiff traveled with the Questa Junior/Senior High football team to an away game on QIS-sponsored busing.

32.     The football team was not large as it played 8-man football due to the small size of the student population in high school within the Questa Independent School District.

33.     Defendant Passino and the cheerleading squad traveled on the same QIS-sponsored busing.

6

34.   Plaintiff, a minor student athlete, was seated towards the rear of the bus and Defendant Passino was seated in a seat directly in front of Plaintiff.

35.   As the bus neared its return to the Questa Junior/Senior High School, Defendant Passino was engaged in grooming and obvious outward sexual attention towards Plaintiff. This culminated in Defendant Passino taking Plaintiff's hand and placing his finger in her mouth and proceeding to suck on his fingers in a sexualized manner.

36.   Plaintiff did not seek this attention and was caught off-guard by Defendant Passino's actions.

37.   Defendant Passino suggested to Plaintiff that he engage in further sexual activity with her, indicating that she would treat his genitals as she had just treated his fingers.

38.   This all occurred in the open in plain sight during the QIS-sponsored travel for the QIS-sponsored sporting event with numerous other adult agents and representatives of Defendant QIS also on the bus traveling with the team, including, upon information and belief, Defendant Roes 1 and 2.

39.   Following the event on the QIS-sponsored travel for the QIS-sponsored sporting event, Defendant Passino began direct sexual abuse of Plaintiff during his time as a student-athlete at Questa Junior/Senior High during the 1997/1998 school year when Plaintiff remained a minor.

40.   Following sporting events in which Defendant Passino participated as a coach/sponsor for the cheerleading squad and Plaintiff participated as a student-athlete, Defendant Passino would provide travel to Plaintiff to return home. Defendant Passino would engage with Plaintiff on school grounds to begin such travel.

41.     During this travel provided by a QIS employee and representative to a student-athlete directly following a QIS-sponsored sporting event, Defendant Passino would initiate and engage in sexual activity with Plaintiff.

42.     Plaintiff did not seek out or initiate said sexual activity.

43.     Defendant Passino would additionally initiate and engage in sexual activity with Plaintiff on school grounds, including in the gymnasium following QIS-sponsored events, including games and practices.

44.     Defendant Passino coerced and manipulated Plaintiff to engage in numerous sexual activities during these instances.

45.     Defendant Passino coerced and manipulated Plaintiff to engage in manual sexual stimulation, both Defendant Passino manually manipulating Plaintiff's genitals and Plaintiff being coerced to manually manipulate Defendant Passino's genitals.

46.     Defendant Passino coerced and manipulated Plaintiff to engage in oral sex, including placing his genitals in her mouth on multiple occasions.

47.     Defendant Passino coerced and manipulated Plaintiff to engage in penetrative sex with her on multiple occasions.

48.     As Plaintiff was preparing to graduate and sporting events were ending for the 1997/1998 school year, the sexual abuse eventually ended.

49.     Plaintiff was a minor throughout the entirety of the time Defendant Passino initiated and engaged in sexual abuse of Plaintiff while she was an educator employed by Defendant QIS and Plaintiff was a student of Defendant QIS.

50.     Defendant Passino's unusual and inappropriate attention to Plaintiff should have been recognized by other educators and administrators within QIS.

8

51.     Upon information and belief, Defendant Passino has openly discussed engaging in sexual activities with numerous students in the presence of QIS administrators and School Board members. This suggests there are likely numerous other victims of Defendant Passino's predatory behavior which were known, or should have been known, to Defendants Roe 1 and 2.

52.     Despite knowledge of the same, upon information and belief, no disciplinary action has been taken against Defendant Passino by the other Defendants despite the obvious nature of her troublesome relationship with male teenage students.

53.     Defendants did engage with Plaintiff to determine whether or not he was injured despite knowledge of Defendant Passino's activities.

54.     Upon information and belief, Defendant Passino remains employed with Defendant QIS as an elementary school teacher and coach/sponsor and Defendants necessarily must have attempted to avoid public disclosure of Defendant Passino's abusive behavior.

55.     During the period of abuse, Defendant Passino was married to an athletic coach for various QIS-sponsored school sports in which Plaintiff was engaged as a student-athlete. As such, Plaintiff often saw and engaged with Defendant Passino's husband, who was also an agent of Defendant QIS.

56.     Plaintiff was ashamed, embarrassed and guilt-ridden as a result of the abuse and failed to recognize the same as abuse. Plaintiff felt personal responsibility and self-blame as a result of the abuse and, in part, his relationship with Defendant Passino's spouse.

57.     Plaintiff did not recognize Defendant Passino's actions as abuse or injurious until recently.

58.     Plaintiff did not recognize he suffered any injury from the sexual activity initiated and perpetrated by Defendant Passino and is only now beginning to discovery that the sexual

activity initiated by Defendant Passino was abusive and that it resulted in lasting psychological injuries of which Plaintiff was previously unaware.

59.    There are known psychological impacts of childhood sexual trauma and abuse that often, as with Plaintiff, act to prevent a survivor from recognition of the sexual activity as abuse and/or to understand it resulted in any injury. For Plaintiff, the recognition and understanding that Defendant Passino's may have been improper and may have resulted in injury only occurred recently.

### COUNT I
### (Defendant Passino – 42 U.S.C. § 1983)

60.    The preceding paragraphs are incorporated as if fully stated herein.

61.    Plaintiff has a right to bodily integrity under the Fourteenth Amendment to the United States Constitution.

62.    Defendant Passino deprived Plaintiff of his due process right to bodily integrity under the Fourteenth Amendment of the United States Constitution.

63.    Defendant Passino deprived Plaintiff of his rights under the Fourteenth Amendment by physically, sexually, mentally, and emotionally abusing him, repeatedly.

64.    The rights of Plaintiff violated by Defendant Passino were clearly established at the time of Defendant Passino's actions and any reasonable school administrator, teacher, coach/sponsor, or chaperone would have been aware that the same would violate Plaintiff's constitutional rights.

65.    As a state actor, Defendant Passino carried out the functions assigned to her by Defendant QIS as an educator, coach/sponsor and chaperone in an impermissible manner.

66.    Defendant Passino's conduct was a direct and proximate cause of injury and damages to Plaintiff.

10

67.     Defendant Passino engaged in actions and omissions which were egregious, outrageous, and/or fraught with unreasonable risk. Such actions harmed Plaintiff, who was a member of a particular, limited, closed group, namely male student-athletes at Questa Junior/Senior High School.

68.     Defendant Passino acted with thoughtful deliberation.

69.     Defendant Passino's conduct shocks the conscience.

70.     Defendant Passino's conduct was intentional, reckless, willful, and done with callous disregard of Plaintiff's constitutional rights.

71.     Defendant Passino's conduct was motivated by malice or evil intent such that Plaintiff is entitled to recovery of an award of punitive and exemplary damages against Defendant Passino in an amount to be determined at trial.

## COUNT II
### (Defendants Roe 1 and Roe 2 – 42 U.S.C. § 1983)

72.     The preceding paragraphs are incorporated as if fully stated herein.

73.     Defendants Roe 1 and Roe 2 deprived Plaintiff of his due process right to bodily integrity under the Fourteenth Amendment to the United States Constitution.

74.     Defendants Roe 1 and Roe 2 deprived Plaintiff of his rights by failing to address the open and notorious abuse of Plaintiff by Defendant Passino.

75.     The rights of Plaintiff violated by Defendants Roe 1 and Roe 2 were clearly established at the time of Defendant Passino's actions and any reasonable school administrator, teacher, coach/sponsor, and/or athletic director would have been aware that the same would violate Plaintiff's constitutional rights.

76.     As state actors, Defendants Roe 1 and Roe 2 carried out, in an impermissible manner, the functions assigned to them by Defendant QIS.

11

77.     Defendants Roe 1 and Roe 2 engaged in actions and omissions which were egregious, outrageous, or fraught with unreasonable risk that harmed Plaintiff, a member of the particular, limited, closed group of male student athletes at Questa Junior/Senior High School.

78.     Defendants Roe 1 and Roe 2 had time for thoughtful deliberation.

79.     Defendants Roe 1 and Roe 2's conduct shocks the conscience.

80.     Defendants Roe 1 and Roe 2's conduct was intentional, reckless, willful, and done with callous disregard for Plaintiff's constitutional rights such that Plaintiff is entitled to recover an award of punitive and exemplary damages against Defendants Roe 1 and Roe 2 in an amount to be determined at trial.

81.     Defendants Roe 1 and Roe 2's conduct was a direct and proximate cause of injury and damage to Plaintiff.

## COUNT III
### (Defendant QIS – 42 U.S.C. § 1983)

82.     The preceding paragraphs are incorporated as if fully stated herein.

83.     Defendant QIS had a duty to exercise due care in the supervision of their staff, teachers and educators, coaches and sponsors, and chaperones.

84.     Defendant QIS had a duty to properly screen, license, hire, train, monitor, supervise, and discipline their staff, teachers and educators, coaches and sponsors, and chaperones.

85.     Defendant QIS failed to adequately screen Defendant Passino and failed to take necessary actions with respect to her employment and agency during her tenure as an educator, teacher, coach and sponsor licensed and employed by Defendant QIS.

86.     Defendant QIS failed to adequately train and supervise Defendant Passino during her time as a teacher, educator, coach and sponsor licensed and employed by Defendant QIS.

12

87.    The failures of Defendant QIS noted above caused Plaintiff to be subjected to the physical, sexual, mental, and emotional abuse described above. Defendant QIS, through its agents, knew or should have known of the predatory actions of Defendant Passino during her employment with Defendant QIS and with opportunity to protect Plaintiff from the same.

88.    Defendant QIS was deliberately indifferent to the constitutional rights of Plaintiff as evidenced by its complete failure to protect Plaintiff and others or to respond in any way to the open and notorious activities of Defendant Passino.

89.    The actions and omissions of Defendant QIS were the result of a custom or policy which permitted or condoned Defendant Passino's abusive conduct towards Plaintiff and reflected the deliberate indifference to Plaintiff and other male student athletes.

90.    Plaintiff has been deprived, under color of law, the rights, privileges and immunities secured by the Constitution and laws of the United States, including the right under the Fourteenth Amendment to be free from intrusions into his bodily integrity, as a result of Defendant QIS's defective hiring, supervision and custom or policy.

91.    Said deprivation of rights is a direct and proximate cause of injuries and damage to Plaintiff.

**COUNT IV**
**(Defendants QIS and Roes 1 and 2 – NMSA 1978, § 41-4-6)**

92.    The preceding paragraphs are incorporated as if fully stated herein.

93.    At all times material hereto, Defendant QIS operated the public schools and school-sponsored activities for students, including the Questa Junior/Senior High and associated athletics, of which Plaintiff was a student and athlete.

94.    Defendants QIS and Roe 1 and 2, who were acting in the scope of their employment and responsibilities with Defendant QIS, had a duty in any activity undertaken to exercise the care

13

ordinarily exercised by a reasonable, prudent qualified person in their position engaged in such activity and for the safety of minor students and participants, including Plaintiff.

95.    Defendant QIS had a duty to exercise reasonable care in the maintenance and operation of the public schools and to keep all educational premises, including sponsored transportation, in a safe condition.

96.    Defendants Roe 1 and Roe 2 similarly owed a duty to Plaintiff and other similarly-situated student athletes to exercise reasonable care in the maintenance and operation of school premises and activities.

97.    Defendants QIS and Roe 1 and 2 had a duty to supervise employees, contractors, and agents engaged in sponsored athletic activities to ensure they did not act negligently in the operation or maintenance of school premises.

98.    Said duty of supervision includes an obligation to adopt and instill proper policies and procedures concerning the safe operation of Defendant QIS's facilities and premises, including appropriate policies and procedures concerning training, monitoring and regulation of employee and representative's activities, and other such policies and procedures as are reasonably necessary to ensure adequate safety in the operation and maintenance of educational facilities and premises in order to avoid unsafe, dangerous, or defective conditions on the premises.

99.    Defendants QIS and Roe 1 and 2, in maintaining and operating the premises and facilities of the Questa Independent School District, including the Questa Junior/Senior High School and associated athletic facilities and premises, had a duty to supervise teachers and other employees and agents to protect minor students, including Plaintiff, from sexual assault, battery, abuse or harassment from other persons, including Defendant Passino.

14

100.    Defendant QIS, acting through its administrators, supervisors, employees, and contractors, had the duty to adopt and implement proper safety policies and procedures to protect its minor students and student-athletes, including Plaintiff, from sexual assault, battery, abuse and harassment from others, including Defendant Passino.

101.    Defendants QIS and Roe 1 and 2 had a duty to investigate and take action relating suspicious activity and reports of Defendant Passino's improper activity, including sexual assault, battery, abuse or harassment, against any student attending Defendant QIS's schools and/or participating in school-sponsored athletic events and activities.

102.    Defendants QIS and Roe 1 and 2 failed to exercise reasonable care in the maintenance of the premises and facilities in a safe condition by ignoring warning signs and readily observable inappropriate behavior of Defendant Passino towards Plaintiff and other male student athletes.

103.    Defendants QIS and Roe 1 and 2 failed to use ordinary and reasonable care to protect Plaintiff from the danger posed to him by Defendant Passino.

104.    Defendants QIS and Roe 1 and 2 breached their duties of care towards Plaintiff.

105.    Defendant QIS breached its duty of care by failing to properly screen, hire, train, monitor, supervise and discipline its employees, agents, coaches and sponsors, such as Defendant Passino, and/or by failing to enact or enforce appropriate policies, procedures and protocols concerning safety in student-teacher and athlete-coach/chaperone interactions, and by otherwise failing to take appropriate and reasonable supervisory actions to correct problems and prevent the harm and injuries incurred by Plaintiff.

106.    The breaches of duty by Defendants QIS and Roe 1 and 2 were direct and proximate causes of injury and damage to Plaintiff.

107.   Defendant QIS is jointly and severally liable for injuries and damages caused by the actions of its administrators and employees, including Defendants Roe 1 and 2 and Passino, pursuant to vicarious liability and *respondeat superior*.

## COUNT V
### (Defendant Passino – Sexual Abuse and Battery)

108.   The preceding paragraphs are incorporated as if fully stated herein.

109.   To the extent Defendant Passino is not a state actor and/or agents of Defendant QIS, she is personally liable under ordinary tort principles.

110.   Defendant Passino intended to cause harmful or offensive contact with Plaintiff by her actions.

111.   Offensive contact with Plaintiff resulted from Defendant Passino's actions.

112.   The conduct of Defendant Passino was willful, intentional, wanton, or taken in utter disregard for the safety and well-being of others, including Plaintiff.

113.   The conduct of Defendant Passino was a direct and proximate cause of injury and damages to Plaintiff.

## PRAYER FOR RELIEF

114.   The preceding paragraphs are incorporated as if fully stated herein.

115.   As a proximate result of the conduct of Defendants, Plaintiff was injured and suffered, and continues to suffer, damages, including but not limited to, emotional distress, anguish, suffering, humiliation, psychological injury, indignities, loss of enjoyment of life, deprivation of constitutional rights, invasion of bodily integrity and other incidental, consequential, and special damages.

116.   Plaintiff is entitled to recovery of full compensatory damages against all Defendants in an amount to be determined at the trial of this cause.

16

WHEREFORE, Plaintiff demands the following relief against Defendants:

A.      Award of compensatory damages against all Defendants, jointly and severally, for Plaintiff;

B.      Award of punitive damages against the Defendants jointly and severally;

C.      Award prejudgment and post-judgment interest on any amounts recovered for Plaintiff;

D.      Trial by jury on all issues so triable; and

E.      Such other and further relief as the Court may deem appropriate under the circumstances.

Respectfully submitted,

PAUL LINNENBURGER
Lane + Linnenburger + Lane LLP
P.O. Box 6622
Albuquerque, New Mexico 87197
Ph:  505.226.7979
paul@attorneyslane.com

17

EIGHTH JUDICIAL DISTRICT COURT
COUNTY OF TAOS
STATE OF NEW MEXICO

FILED
8TH JUDICIAL DISTRICT COURT
TAOS COUNTY NM
FILED IN MY OFFICE
6/27/2023 11:08 AM
LAUREN M. FELTS-SALAZAR
DISTRICT COURT CLERK
BLK

Case No.

JOHN DOE,                                       D-820-CV-2023-00218

        Plaintiff,

    vs.

QUESTA INDEPENDENT SCHOOL DISTRICT,
LORI PASSINO, JOHN ROE 1, and JOHN ROE 2,

        Defendants.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

Plaintiff John Doe, by and through his attorney, Paul Linnenburger of Lane + Linnenburger

+ Lane LLP, hereby demands a trial by a jury of six.

Respectfully submitted,

PAUL LINNENBURGER
Lane + Linnenburger + Lane LLP
P.O. Box 6622
Albuquerque, New Mexico 87197
Ph:  505.226.7979
paul@attorneyslane.com