IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN DOE,

    Plaintiff,

vs.                                                                            No. CIV 23-1052 JB/SCY

QUESTA INDEPENDENT SCHOOL
DISTRICT, LORI PASSINO, JOHN ROE 1,
and JOHN ROE 2

    Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Plaintiff's Response to Notice and Order to Show Cause and Request to File Annotated Complaint Under Seal, filed February 1, 2024 (Doc. 12)("Show Cause Order Response"). The Court held a hearing on June 26, 2024. See Clerk's Minutes at 1, filed June 26, 2024 (Doc. 20). The primary issue is whether the Court should permit Plaintiff John Doe to proceed pseudonymously as an exception to rule 10 of the Federal Rules of Civil Procedure, because this case involves highly sensitive and personal matters relating to Doe's allegations of sexual abuse that occurred while Doe was a minor. The Court concludes that Doe may proceed pseudonymously, because Doe's need for anonymity outweighs the public's interest in accessing legal proceedings.

Under rule 10(a) of the Federal Rules of Civil Procedure, "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 10(a). "Proceeding under a pseudonym in federal court is," therefore, "'an unusual procedure'" and is permitted only in "exceptional circumstances warranting some form of anonymity in judicial proceedings." Femedeer v. Haun, 227 F.3d 1244, 1246 (10th Cir. 2000)(quoting M.M. v. Zavaras, 139 F.3d 798, 800 (10th Cir. 1998)). Adopting the United States Court of Appeals for the Eleventh Circuit's standard, the

United States Court of Appeals for the Tenth Circuit holds:

> "Lawsuits are public events. A plaintiff should be permitted to proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. The risk that a plaintiff may suffer some embarrassment is not enough."

Femedeer v. Haun, 227 F.3d at 1246 (quoting Doe v. Frank, 951 F.2d 320, 324 (11th Cir. 1992)). When determining whether a party can proceed under a pseudonym, the Tenth Circuit "weigh[s] the public interest," because "the public has an important interest in access to legal proceedings." Femedeer v. Haun, 227 F.3d at 1246.

Doe argues that this case involves matters of a highly sensitive and personal nature, because "the allegations of childhood sexual abuse occurred while Plaintiff was a minor and the details involve discussions of deeply personal sexual activity at a young age." Show Cause Order Response at 3. Defendants Questa Independent School District and Lori Passino take no position on Doe's request to proceed pseudonymously. See Draft Transcript of June 26, 2024 Hearing at 2:20-3:17 (taken June 26, 2024)(Court, Walz, Coppler).[1] The Court concludes that Doe meets his burden of showing that his need for anonymity outweighs the public interest in favor of openness. Doe's allegations of sexual abuse as a minor are of a "highly sensitive and personal nature." Femedeer v. Haun, 227 F.3d at 1246. Judges in this district have allowed cases involving claims of sexual abuse against minors to proceed pseudonymously, even where plaintiffs are no longer minors at the time of litigation. See Doe 167 v. Sisters of Saint Francis of Colo. Springs, No. CIV 20-0907 WJ/LF, 2021 WL 664006, at *3-4 (D.N.M. Feb. 19, 2021)(Johnson, C.J.)(allowing plaintiffs, now in their fifties and sixties, to proceed pseudonymously in case alleging childhood

---

[1]The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

sexual abuse because of privacy interests and "highly sensitive" disclosures); S.M. v. Bloomfield Sch. Dist., No. CIV 16-0823 SCY/WPL, Order Granting Motion to Proceed Anonymously at 8-9 (filed December 1, 2016)(D.N.M.)(Doc. 43 in CIV 16-0823)(Yarbrough, M.J.)(allowing the plaintiff to proceed pseudonymously in case alleging abuse by her high school teacher, in part because allegations of sexual assault "touch upon highly sensitive matters" and because plaintiff was a minor at the time of incident). Similarly here, Doe's allegations of sexual abuse as a minor and the highly sensitive nature of these allegations support the Court's conclusion that Doe's need for anonymity outweighs the public interest in favor of openness.

**IT IS ORDERED** that: (i) the request to proceed pseudonymously in the Plaintiff's Response to Notice and Order to Show Cause and Request to File Annotated Complaint Under Seal, filed February 1, 2024 (Doc. 12), is granted; (ii) Plaintiff John Doe may proceed pseudonymously; and (iii) Doe must file an annotated complaint under seal containing Doe's full name for the record.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Paul Linnenburger
Lane Linnenburger Lane LLP
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Jerry A. Walz
Alisha L. Walz
Walz and Associates, P.C.
Albuquerque, New Mexico

    *Attorneys for Defendant Questa Independent School District*

Gerald A Coppler
Coppler Law Firm, P.C.
Santa Fe, New Mexico

    *Attorneys for Defendant Lori Passino*