IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHN DOE,

    Plaintiff,

v.                                               No. 1:23-cv-01052 SMD/SCY

QUESTA INDEPENDENT SCHOOL DISTRICT,
LORI PASSINO, JOHN ROE 1, and JOHN ROE 2,

    Defendants.

## DEFENDANTS' JOINT MOTION FOR JUDGMENT ON THE PLEADINGS

COME NOW Defendants Questa Independent School District, through its undersigned counsel, Walz and Associates, P.C, (Jerry A. Walz and Alisha L. Walz) and Defendant Lori Passino, through her undersigned counsel, Coppler Law Firm, P.C. (Gerald A. Coppler), hereby submit their Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) and move to dismiss Plaintiff's Complaint for Violations of Civil Rights, Negligence and Other Tortious Conduct. Defendants are entitled to dismissal of these claims as a matter of law, as set forth herein.

Plaintiff opposes this Motion.

### I.     Introduction

Based solely on the allegations in Plaintiff's Complaint, Plaintiff asserts he was sexually abused during the 1997-98 school year when he was a senior in high school. The alleged abuse ended, according to Plaintiff, when he graduated in 1998. He did not file his Complaint until 25 years later, in 2023. Plaintiff asserted both federal civil rights claims and state law tort claims in

his Complaint. The applicable statute of limitations for his federal civil rights claims is three years. The applicable statute of limitations for his state law tort claims is two years. There are no facts alleged to bar application of either statute of limitations. Although a minor at the time of the alleged abuse, by the time the applicable limitations periods expired, Plaintiff had already reached the age of majority. Plaintiff's position here, that he can wait to file his lawsuit until he was 43 years old, 25 years after the alleged abuse stopped, effectively negates both the statutes of limitations and renders them meaningless. There are no facts asserted that would toll either statute of limitations, and Plaintiff's lawsuit should be dismissed with prejudice.

## II. Legal Standard

The legal standards that apply under Rule 12(b)(6) for a motion to dismiss for failure to state a claim are the same as those that apply under Rule 12(c) for a motion for judgment on the pleadings. *Brown v. Montoya,* 662 F.3d 1152, 1160 n.4 (10th Cir. 2011). A motion for judgment on the pleadings under Rule 12(c) may be filed "after the pleadings are closed but early enough not to delay trial." In ruling on such a motion, the court assumes the truth of all well-pleaded factual allegations in the complaint, and draws reasonable inferences therefrom in the light most favorable to the plaintiff. *Diaz v. City and County of Denver,* 567 F.3d 1169, 1178 (10th Cir. 2009). A Rule 12(b)(6) motion to dismiss tests "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick,* 40 F.3d 337, 340 (10th Cir. 1994). Sufficiency of a complaint is a question of law, requiring the court to accept as true all well-pled factual allegations, to view the allegations in the light most favorable to the plaintiff, and "to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Smith v. United States,* 561 F.3d 1090, 1098 (10th Cir.

2009)(*quoting Sutton v. Utah State Sch. For Dead and Blind,* 173 F.3d 1226, 1236 (10th Cir. 1999)).

To survive dismissal, Plaintiff's complaint must allege sufficient "facts to state a claim to relief that is plausible on its face." *Ridge at Red Hawk, L.L.C. v. Schneider,* 493 F.3d 1174, 1177 (10th Cir 2007)(*quoting Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955 (2007)). The complaint need not contain "detailed factual allegations," to survive a motion to dismiss, but Plaintiff does have an "obligation to provide the 'grounds' of [his] 'entitlement to relief'" and is required to plead "more than labels and conclusions." *Bell Atl. Corp.,* 550 U.S. at 555, 127 S.Ct. 1955, 1964-65. The "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id,* 550 U.S. at 555, 127 S.Ct. at 1965 (internal citations omitted). However, legal conclusions are not to be considered by the court in evaluating a motion to dismiss. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Mere labels, conclusions, or a formulaic recitation of the elements of a cause of action do not suffice to state a claim. *Id.* at 555 (a complaint's factual allegations must "raise a right to relief above the speculative level").

### III. Material Facts Alleged in the Complaint

Plaintiff was born in 1980. *Complaint* at ¶ 21. Defendant Passino was a teacher and coach employed by Defendant Questa Schools and acting within the course and scope of her duties during all material times. *Complaint* at ¶ 3. Defendant Passino allegedly began to sexually groom Plaintiff in the fall of 1997 when he was a senior in high school. *Id.* at ¶¶ 29, 31-38. Plaintiff was 17 years old in 1997 based on his date of birth. The grooming allegedly turned to sexual abuse during the 1997-98 school year when Plaintiff was still a minor. *Complaint* at ¶ 39. The alleged sexual abuse

ended during the 1997-98 school year because Plaintiff graduated from high school. *Complaint* at ¶ 48.

As a result of the alleged sexual abuse, Plaintiff asserted multiple causes of action against the identified Defendants: (1) Count I for due process violations against Defendant Passino pursuant to 42 U.S.C. § 1983; (2) Count II for municipal liability against Defendant Questa Schools pursuant to 42 U.S.C. § 1983; (3) Count IV against Defendant Questa Schools for the negligent operation of a school building pursuant to § 41-4-6 of the New Mexico Tort Claims Act; and (4) Count V against Defendant Passino for sexual abuse and battery.

### IV.    Legal Argument

**A. Plaintiff's state law tort claims are time barred**

Pursuant to the facts pled, the alleged sexual abuse occurred when Plaintiff was 17 and ended in 1998. Plaintiff's tort claims are governed by the New Mexico Tort Claims Act, which generally has a two-year statute of limitations. *See* NMSA 1978, § 41-4-15. Therefore, the statute of limitations on Plaintiff's tort claims would have expired in 1999 or 2000, two years after the alleged sexual abuse occurred during the 1997-98 school year. Plaintiff did not file his Complaint until 2023, decades after the expiration of the two-year limitations period.

Plaintiff alleged in his Complaint that he failed to recognize that what happened to him was abuse until very recently. Presumably, Plaintiff seeks to toll the statute of limitations with these allegations. However, these allegations, even if stated in more than a conclusory manner in the Complaint, which they are not, are insufficient to save Plaintiff's tort claims. In *Campos v. Murray,* 2006-NMSC-020, 139 N.M. 454, 134 P.3d 741, the New Mexico Supreme Court considered application of the two-year limitations period set forth in the Tort Claims Act to victims of child sexual abuse. Recognizing that minors are entitled to protection from statutes of limitations

because as a matter of due process, a child who is incapable of meeting a statutory deadline cannot have that deadline applied to bar the child's right to legal relief, *id.* at ¶ 13, the court held that a two-, eight-, or eleven-year-old are all equally unable to comply with a statute of limitations requirement at such a young age. *Id.* at ¶ 14.

The court, however, recognized that age is not the sole determinative inquiry, *id.,* recognizing that there are circumstances in which it is reasonable to expect a person in the injured child's situation to be able to meet the statutory limitations period. *Id.* at ¶ 10. Moreover, the fact that Plaintiff here was 17 at the time of the alleged abuse, a minor, is insufficient alone to bar application of the two-year statute of limitations. <u>The critical distinction between the circumstances here and those the *Campos* court was deciding is that in *Campos,* the Tort Claims Act's statute of limitations expired when the plaintiff in *Campos* and the plaintiffs in the other cases the *Campos* court considered were still minors</u>. Here the two-year statute of limitations did not expire until after Plaintiff reached the age of majority. Given Plaintiff's birth year of 1980, he would have turned 18 in 1998, the year the abuse ended. Therefore, he would have had two years as an adult, just like any other adult, to comply with the statute of limitations. The *Campos* case, therefore, is inapposite.

Plaintiff, who was born in 1980, was 42 or 43 years old at the time he filed suit. However, there are no claims that Plaintiff repressed memories. The accrual of Plaintiff's cause of action for tort claims cannot be delayed indefinitely on the grounds that Plaintiff may not have appreciated the wrongful nature of the alleged abuse. *See Martinez-Sandoval v. Kirsch,* 1994-NMCA-115, ¶ 25, 118 N.M. 616, 884 P.2d 507. Plaintiff sets forth no facts why he could not comply with the respective statute of limitations.

Plaintiff had reached the age of majority before the Tort Claims Act two-year statute of limitations expired. In fact, he was an adult during most, if not all, of the two-year limitations period. Therefore, "regardless of whether Plaintiff knew or should have known of the severe psychological damage caused by" the alleged sexual abuse, "Plaintiff knew and should have known well before the limitations cutoff date that the alleged misconduct had caused" injury. *Id.* at ¶ 26. "The limitations period is not tolled simply because a plaintiff does not know the full extent" of an injury; rather, "the statute begins to run once [the plaintiff] knows or should know sufficient facts to constitute a cause of action." *Id.* Plaintiff always knew the facts sufficient to give rise to a tort claim, both as a minor and as an adult prior to the expiration of the statute of limitations. For example, Plaintiff states in his allegations that he recognized that the alleged abuse was wrong based on his claim that he was ashamed by it, embarrassed, and guilt-ridden. *See Complaint* at ¶ 56.

Plaintiff's position that he may bring suit decades after the alleged abuse occurred when he was 42 or 43 years old effectively negates the statute of limitations set forth in the Tort Claims Act. Accepting Plaintiff's position would lead to a result that no deadline would ever apply to a lawsuit arising from sexual abuse simply by claiming the extent of the psychological impact remained unknown. Even NMSA 1978, § 37-1-30(A)(1), which applies to actions for damages due to childhood sexual abuse outside of the Tort Claims Act, provides that any claim must be commenced by "the first instant of the person's twenty-fourth birthday." It does not allow a claim arising from child sex abuse to accrue indefinitely. Based upon that analytical framework had Plaintiff brought the identical tort claims against a private corporation or a private individual instead of a public body and public employee such that § 37-1-30(A)(1) applied rather than § 41-4-15, those claims would have been barred in 2004 when Plaintiff turned 24.

There are no facts alleged in the Complaint that present legal grounds to toll the statute of limitations past 2000, two years after the sexual abuse ended in 1998. Further, as noted, Plaintiff was an adult during the two-year limitations period, and did not file his lawsuit. Accordingly, the Court should dismiss Plaintiff's tort claims.

### B. Plaintiff's federal civil rights claims are time-barred

New Mexico courts follow the federal rule as to the applicable statute of limitations for § 1983 claims. *Walker v. Maruffi,* 1987-NMCA-048, ¶ 22, 105 N.M. 763, 737 P.2d 544. It is well-established under federal law that § 1983 claims are best characterized as personal injury claims, and, therefore, the forum state's personal injury statute of limitation applies. *Blake v. Dickason*, 997 F.2d 749, 750 (10th Cir. 1993). In New Mexico the applicable statute of limitations is three years. NMSA 1978, § 37-1-8; *see also Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014) ("for § 1983 claims arising in New Mexico[,] the limitations period is three years").

When the three-year statute of limitations accrues is also a question of federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). "A civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Baker v. Bd. of Regents of State of Kan.*, 991 F.2d 628, 632 (10th Cir. 1993). "[I]t is not necessary that a claimant know all of the evidence ultimately relied on for the cause of action to accrue." *Id*. "<u>The cause of action accrues even though the full extent of the injury is not then known or predictable</u>." *Wallace*, 549 U.S. at 391 (internation citation omitted) (emphasis supplied).

"[U]nder the federal discovery rule, claims accrue and the statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action." *Jenkins v. Chance*, 762 Fed. Appx. 450, 455 (10th Cir. 2019)

7

(unpublished) (*citing Alexander v. Oklahoma*, 382 F.3d 1206, 1215 (10th Cir. 2004). "'[A] plaintiff need not have conclusive evidence of the cause of an injury in order to trigger the statute of limitations.'" *Id*. Instead, the Tenth Circuit focuses "'on whether the plaintiff knew of facts that would put a reasonable person on notice that wrongful conduct caused the harm.'" *Id*. As set forth previously, Plaintiff knew of facts—the alleged sexual abuse—that would put him on notice of a federal civil rights claim after he reached the age of majority and before the three-year limitations period expired. Because the alleged abuse ended by the time Plaintiff graduated high school in 1998, and because he was an adult in 1998, having reached the age of majority, the three-year statute of limitations would have accrued in that year and run in 2001. At that time, Plaintiff would have been 21 years old, not a minor.

Importantly, in considering the issue of the tolling of the statute of limitations in a § 1983 case arising from child sex abuse, the court in *Yruegas v. Vestal,* 356 F. Supp. 2d 1238, 1243 (D.N.M. 2004), expressly rejected the tolling argument in that case, which is on point as to Plaintiff's allegations. The *Yruegas* court reasoned that the plaintiff there must have known the sexual abuse was wrong because it subjected him to emotional trauma. *Id.* Here, too, Plaintiff must have recognized that the alleged abuse was wrong based on his allegations that he was ashamed by it, embarrassed, and guilt-ridden. *Complaint* at ¶ 56. In *Varnell,* the court held that the plaintiff's federal claims accrued when he could file suit and obtain relief, which was no later than when the abuse stopped, not when she learned of the full extent of the resultant emotional injury. 756 F.3d at 1210. Applying this holding to Plaintiff's allegations as cited, the abuse stopped in 1998, which was when Plaintiff's civil rights claim accrued. Plaintiff had until 2001 to file suit, which he was fully capable of doing since he was an adult at that time and during most, if not all, of the three-year limitations period.

8

While New Mexico's personal injury statute of limitations tolls for incapacity, New Mexico courts have explained that a person is only incapacitated if unable to manage their business affairs or estate or to comprehend their legal rights or liabilities. *Id.* at 1214; *see also Lent v. Emp't Sec. Comm'n,* 1982-NMCA-147, ¶ 13, 99 N.M. 407, 658 P.2d 1134. Plaintiff makes no allegations in his Complaint here that could lead to even an inference that he was incapacitated. Therefore, the Complaint does not provide a factual basis to toll the three-year statute of limitations for § 1983 claims.

Dispositive of this issue in *Varnell,* the court expressly rejected the argument that any claim did not accrue until discovery of the extent of the injury inflicted by abuse because as a teenager and young adult, a plaintiff cannot appreciate the damage done and cannot fully discover the nature of any emotional injuries. *See* 756 F.3d at 1215. Recognizing that accrual occurs when a plaintiff has a complete and present cause of action, which is when the plaintiff can file suit based on the challenged conduct and obtain, relief, *id.,* the court held that the plaintiff's claim in *Varnell* accrued no later than the last act of sexual abuse. *Id.* at 1216. Applying *Varnell's* holding here, Plaintiff's claim would have accrued when the last act of abuse occurred, which was sometime prior to his graduation from high school in 1998. Therefore, the three-year statute of limitations ran in 2001. Accordingly, Plaintiff's § 1983 claims likewise are time-barred and should be dismissed.

WHEREFORE, Defendants respectfully request the Court to grant their Motion and to dismiss Plaintiff's Complaint in its entirety, and all claims raised therein, with prejudice, and for such further relief as the Court deems appropriate.

Respectfully submitted,

WALZ AND ASSOCIATES, P.C.

*/s Jerry A. Walz*
Jerry A. Walz
Alisha L. Walz
133 Eubank Blvd NE
Albuquerque, NM 87123
505-275-1800
jerryawalz@walzandassociates.com
awalz@walzandassociates.com
*Attorneys for Defendant Questa Independent School District*

~AND~
COPPLER LAW FIRM, P.C.

*/s/ Gerald A. Coppler*
Gerald A. Coppler
645 Don Gaspar Ave.
Santa Fe, NM 87505
(505) 988-5656
gcoppler@coppler.com
*Attorney for Defendant Lori Passino*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 11th day of April 2025, I filed the foregoing electronically through the CM/ECF system, which caused all counsel of record to be served by electronic mail as more fully reflected in the Notice of Electronic Filing.

*/s/ Jerry A. Walz*
JERRY A. WALZ, ESQ.