**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JOHN DOE,

    Plaintiff,

v.                                                                                               No. 1:23-cv-1052-SMD-SCY

QUESTA INDEPENDENT SCHOOL
DISTRICT, LORI PASSINO, JOHN ROE 1,
and JOHN ROE 2,

    Defendants.

**ORDER GRANTING DEFENDANT LORI PASSINO'S MOTION**
**FOR JUDGMENT ON THE PLEADINGS ON COUNT V OF THE COMPLAINT**

This matter came before the Court upon Defendant Lori Passino ("Defendant Passino")'s Motion to Dismiss Count V of the Complaint. *See* Doc. 43 ("Def.'s Mot. for Dismissal"). Though Defendant Passino does not cite to Federal Rule of Civil Procedure 12(b)(6), she styles her filing as a motion to dismiss, *id.* at 1, and the Court reads her motion as asserting a failure to state a claim upon which relief can be granted due to statutorily granted immunity. *Id.* at 1. Here, however, a motion to dismiss is improper because Defendant Passino has already answered Plaintiff's complaint, Doc. 5. *See* Fed. R. Civ. P. 12(b)(6) ("A motion asserting any of these defenses must be made *before* pleading if a responsive pleading is allowed."). The Court therefore converts Defendant Passino's motion into a Rule 12(c) motion for judgment on the pleadings. Fed. R. Civ. P. 12(c); *Gilbert L. Loaec 2014 Tr. v. Doheny*, No. 19-CV-02078-NC, 2019 WL 6255417, at *1 (N.D. Cal. Nov. 22, 2019) ("Because [defendant] already answered, the Court converts her motion into a motion for judgment on the pleadings." (internal citation omitted)). Neither Plaintiff nor

Defendant Passino's co-defendants oppose Defendant Passino's motion. Def.'s Mot. for Dismissal ¶ 5.

A court will grant motion for judgment on the pleadings if the moving party "has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012). If the movant prevails, the claims are typically dismissed with prejudice. *Pena v. Greffet*, 110 F. Supp. 3d 1103, 1112 (D.N.M. 2015). Defendant Passino argues that Count V should be dismissed because she is immune from liability under the New Mexico Torts Claims Act ("NMTCA"), N.M. Stat. Ann. § 41-4-4 (2024). Def.'s Mot. for Dismissal ¶¶ 3–5. The NMTCA immunizes public employees from civil liability "from liability for any tort," subject to specified exceptions, stemming from "the scope of duty." N.M. Stat. Ann. § 41-4-4(A). Count V of the complaint alleges that Defendant Passino sexually abused and battered Defendant Passino while working as a public employee "as the term is defined in the New Mexico Torts Claims Act." Doc. 1-1 ("Compl.") ¶¶ 3, 108–113. Plaintiff further states that "[a]t all times material hereto, Defendant Passino acted in the course and scope of her duties . . . and under the color of state or local law." *Id.* ¶ 3.

Under New Mexico law, "[a] public employee acts within the scope of his duties, even if he or she engages in tortious or criminal activity, so long as 'a connection between the public employee's actions at the time of the incident and the duties the public employee was requested, required or authorized to perform.'" *N.F. ex rel M.F. v. Albuquerque Pub. Sch.*, No. 14-CV-699 SCY/RHS, 2015 WL 13667294, at *8 (D.N.M. Jan. 30, 2015) (citing *Seeds v. Lucero*, 113 P.3d 859, 862 (N.M. Ct. App. 2005)). Courts have held that this principle applies with equal force to

2

claims of battery. *Id.* (dismissing state law claim for battery brought against public school teacher because the alleged misconduct "occurred in the course of Defendant performing his authorized duties as her teacher"); *see also Gerald v. Locksley*, 785 F. Supp. 2d 1074, 1135 (D.N.M. 2011) ("That the New Mexico Legislature expressly allows assault and battery claims against law enforcement officers suggests that they are not otherwise allowed under § 41-4-4."); *Henning v. Rounds*, 171 P.3d 317, 321 (N.M. Ct. App. 2007) ("[O]ur cases make clear that the TCA clearly contemplates including [those] who abuse their officially authorized duties, even to the extent of some tortious and criminal activity. (internal quotations omitted)). The Court thus agrees with Defendant Passino that she is immune from civil liability for the claim outlined in Count V of the Complaint and is entitled to judgment as a matter of law. Def.'s Mot. for Dismissal ¶ 4; *Burke*, 698 F.3d at 1228.

   **IT IS THEREFORE ORDERED** that Defendant Passino's motion for judgment on the pleadings as to Count V of the Complaint is hereby **GRANTED** and Count V is dismissed **WITH PREJUDICE**.

_____
**SARAH M. DAVENPORT,
UNITED STATES DISTRICT JUDGE**